BAILEY *v.* FLORSHEIM BROTHERS DRY GOODS COMPANY, LTD.

Opinion delivered November 4, 1929.

*R. T. Boulware* and *Edwin A. Upton,* for appellant.
*Pat Robinson,* for appellee.

McHANEY, J. Appellee sued appellant on a promissory note dated February 24, 1923, due November 1, 1923, for the principal sum of $311, with interest from maturity at 8 per cent. Appellant admitted the execution of the note sued on, and alleged that this note was given in renewal of a former note for $535 and interest, which should be reduced by $250 for a pair of mules delivered to appellee at that agreed price, and the further sum of $175 paid in cash by appellant's wife; that after deducting said payments there was due $117.23; that the note in suit was signed by appellant in blank, and that he trusted appellee to fill it in for the proper amount, with the correct dates, but that it had been filled in for a larger amount than due, and without proper dates of payments.

The case was tried to a jury, which resulted in a verdict and judgment for appellee for the full amount sued for.

Appellant first says the court erred in permitting the note sued on to be offered in evidence, for the reason he filed an affidavit under § 4114, C. & M. Digest, denying its genuineness before trial. While this is true, he admitted signing the note, and the above statute is not applicable.

The only question was the amount due on the note, not whether it was the genuine note of appellant, and the court did not err in this regard.

It is next said that the court erred in refusing to give certain requested instructions, and in giving certain instructions over his objections and exceptions. As to the requested instructions not given, we cannot tell, without exploring the record, whether they were covered by other instructions or not, since appellant has not abstracted or set out all the instructions given by the court. The instructions given, about which complaint is made, are not inherently erroneous, and this court will not explore the record to discover whether error has been committed in the giving or refusing to give instructions under such circumstances. *Crosby* v. *Lucas, ante* p. 277.

We find no error, and the judgment is affirmed.